# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN RAMON QUIROZ, | CASE NO. 1:09-cv-02193-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. REYNOSO, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Joaquin Ramon Quiroz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed December 17, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
2  (2007)).
3      Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
10 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
11 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
12 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13 **II.     Complaint Allegations**

14     Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and
15 is currently housed at Kern Valley State Prison. On September 10, 2007, Plaintiff was placed in
16 administrative segregation following an assault on another inmate with a deadly weapon. In May
17 2008, Plaintiff pled guilty to the offense of assault with a deadly weapon in Kings County Superior
18 Court and was sentenced to seven years. After completing 13 months of the Security Housing Unit
19 ("SHU") term, "[P]laintiff was held in A.S.U. without a pending transfer due to [P]laintiff having
20 an initial board hearing within 90 days." (Doc. 1, Comp., p. 4)

21     On August 20, 2008, the institutional committee at Corcoran State Prison recommended
22 Plaintiff be transferred to the general population yard and all his privileges be reinstated.[1]  On
23 November 17, 2008, Plaintiff arrived at the California Substance Abuse Treatment Facility
24 ("CSATF"). (Id.) On December 19, 2008, the committee for initial clearance found that because
25 Plaintiff had been in "A.S.U." on September 10, 2007, he would be placed in the Behavioral

26

27  [1] The Court notes that, although Plaintiff alleges the recommendation was that he be placed back in the general population, the report for this date shows that "[a] release to the GP may pose a threat to the safety of others and endanger the institutions [sic] security." (Doc. 1, p. 11.)

28

2

1 Management Unit ("BMU"). (Id. at 5.) When Plaintiff complained about being placed in the BMU,
2 he was told that CSATF "runs its own program." (Id.)

3     While house in the BMU Plaintiff was placed in privilege group C, the lowest privilege
4 group. He was denied outdoor exercise for two months, and deprived of his property and contact
5 visits. (Id.) Plaintiff brings this action against Defendants J. Reynoso, F. Vasquez, H. Ortiz, B.
6 Peterson, T. P. Wan, N. Grannis, and an unnamed individual. He is seeking nominal and punitive
7 damages and unspecified injunctive relief against the BMU alleging violations of his due process
8 rights and double jeopardy.

9     For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.
10 Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies
11 described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff
12 with the legal standards that appear to apply to his claims. Plaintiff should carefully review the
13 standards and amend only those claims that he believes, in good faith, are cognizable.

14 **III.    Discussion**

15     **A.    Linkage Requirement**

16     Under section 1983, Plaintiff is required to show that (1) each defendant acted under color
17 of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.
18 Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate
19 that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.
20 There is no respondeat superior liability under section 1983, and therefore, each defendant is only
21 liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

22     In this instance, Plaintiff has not linked the defendants named in his complaint to any acts
23 or omissions that purportedly led to the violation of those rights. The general assertions in the
24 complaint do not suffice to show that Plaintiff's constitutional rights were violated by these
25 Defendants. Iqbal, 129 S.Ct. at 1949-50. It appears that for some of the defendants Plaintiff is
26 attempting to impose liability not on Defendants' personal involvement but because they hold
27 positions of authority and/or because of their involvement in reviewing appeals grieving misconduct,
28

neither of which provides a basis for liability under section 1983. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 1949-50.

### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin, 515 U.S. 472. Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Additionally, the decision to confine an inmate to administrative confinement only requires "some evidence" in support of the decision. Toussaint, 801 F.2d at 1105. When an inmate is

confined to administrative segregation due process requires that he be informed of the charges against him or the reason for his segregation, an informal nonadversary hearing must be held within a reasonable time, and the inmate must be allowed to present his views. Toussaint, 801 F.2d at 1100.

### C.  Grievance Procedures

Plaintiff names as defendants correctional officials who would have processed his inmate appeal. A prisoner has a right to meaningful access to the court which extends to established grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in a § 1983 action. Buckley, 997 F.2d at 495.

### D.  Double Jeopardy

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995)). These protections govern prosecutions and sentences carried out in state and federal court based on criminal charges. This Court is aware of no authority for the proposition that the Double Jeopardy protections apply to administrative decisions by prison officials to segregate their inmates, or indeed that these protections apply in any context other than state or federal court.

### E.  Injunctive Relief

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Additionally, when an inmate seeks injunctive or

declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

### III.  Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 17, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: February 7, 2011

UNITED STATES MAGISTRATE JUDGE