1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | JOAQUIN RAMON QUIROZ, | CASE NO. 1:09-cv-02193-GBC (PC)

10 |            Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

11 |    v.

12 | J. REYNOSO, et al., | (ECF No. 20)

13 |           Defendants. | SECOND AMENDED COMPLAINT DUE
                            / WITHIN THIRTY DAYS

14

15 | **SCREENING ORDER**

16 | **I.**    **PROCEDURAL HISTORY**

17       Plaintiff Joaquin Ramon Quiroz ("Plaintiff") is a state prisoner proceeding pro se and

18 in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this

19 action December 17, 2009 and he consented to Magistrate Judge jurisdiction on December

20 31, 2009. (ECF Nos. 1 & 4.) The Court dismissed Plaintiff's original complaint with leave

21 to amend for failure to state a claim. (ECF No. 17.) Plaintiff then filed a First Amended

22 Complaint on March 21, 2011. (ECF No. 20.) This First Amended Complaint is now before

23 the Court for screening.

24       For the reasons set forth below, the Court finds that Plaintiff's First Amended

25 Complaint fails to state a claim upon which relief may be granted.

26 | **II.**    **SCREENING REQUIREMENTS**

27       The Court is required to screen complaints brought by prisoners seeking relief

28 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III.   SUMMARY OF COMPLAINT

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at Kern Valley State Prison.

On September 10, 2007, Plaintiff was placed in administrative segregation following an assault with a deadly weapon on another inmate.  Plaintiff was given 13 months in the Secured Housing Unit ("SHU") for this incident.

On August 20, 2008, the Corcoran State Prison hearing committee recommended Plaintiff be transferred to the general population yard and that all of his privileges be reinstated.[1]  Plaintiff arrived at the California Substance Abuse Treatment Facility ("CSATF") on November 17, 2008.  Plaintiff was seen by Defendant Reynoso on

---

[1]The Court notes that, although Plaintiff alleges the recommendation was that he be placed back in the general population, the report for this date shows that "[a] release to the GP may pose a threat to the safety of others and endanger the institutions [sic] security."  (ECF No. 20, Pl's. Am. Compl. ex. A.)

December 19, 2008.  Reynoso found that, because Plaintiff had been in the SHU for assault, he should be placed in the Behavioral Management Unit ("BMU") at CSATF. When Plaintiff complained about the placement, he was told that CSATF "runs its own program." (ECF No. 20, Pl's. Am. Compl. p. 3.)  While housed in the BMU, Plaintiff was denied outdoor exercise and deprived of his property and contact visits.

Plaintiff seeks nominal and punitive damages.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.  Plaintiff shall be given <u>one</u> additional opportunity to file a second amended complaint curing the deficiencies described by the Court in this Order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that he was deprived due process by Defendant Reynoso.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483–84 (1995).  Liberty interests created by state law are

3

generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Where prison conditions are at issue, a change in conditions so severe as to affect the sentence imposed in an unexpected manner implicates the Due Process Clause itself, whether or not such change is authorized by state law. Id. at 484.   Neither changes in conditions relating to classification and reclassification nor the hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, violate the Due Process Clause itself. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (classification); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation).

Additionally, the decision to confine an inmate to administrative confinement only requires "some evidence" in support of the decision. Toussaint, 801 F.2d at 1105.   When an inmate is confined to administrative segregation due process requires that he be informed of the charges against him or the reason for his segregation, an informal nonadversary hearing must be held within a reasonable time, and the inmate must be allowed to present his views.   Toussaint, 801 F.2d at 1100.

In furtherance of this due process violation argument, Plaintiff states that California Code Regulations Title 15 §§ 3334(a) and (b)(2)(B) create a liberty interest in avoiding placement in BMU unless there is evidence that Plaintiff's behavior in SHU reflected a propensity toward disruptive behavior.  Plaintiff claims that he was not involved in any other incidents after the initial assault, he complied with all rules and regulations, and that he successfully completed his time.   Plaintiff states that it was recommended that he be returned to the general population and that all of his privileges be reinstated.   Plaintiff argues that nothing supported Defendant Reynoso's finding of BMU placement.

Plaintiff has again failed to state a claim upon which relief may be granted.  Several of Plaintiff's statements are contradicted by statements in the exhibits he attached to his

Complaint.[2]  Plaintiff states that it was recommended that he be returned to the general population.  However, as highlighted above and in the prior Screening Order, in Exhibit A the COR Institutional Classification Committee found that "a release to [general population] may pose a threat to the safety of others and endanger the institution[']s security."  (ECF No. 20, Pl.'s Am. Compl. ex. A.)  Plaintiff states that he did not meet the criteria to be placed in BMU.  The Committee found that BMU placement was appropriate because of Plaintiff's assault on another inmate.  (Id.)  According to Exhibit C, BMU placement was appropriate if the inmate committed a SHU-able offense.  (Id. at ex. C.)  Plaintiff clearly committed a SHU-able offense.  Finally, Plaintiff states that Defendant Reynoso made the determination of his placement.  However, Reynoso's name does not appear on either of the committee reports submitted by Plaintiff and Reynoso is not referred to on any of the reports.  (Id. at exs. A & B.)  It appears that Reynoso did not take part in the decision to place Plaintiff in BMU.

Thus, the Court finds that Plaintiff has again failed to state a claim upon which relief may be granted.  Plaintiff will be given one final opportunity to amend and attempt to correct the deficiencies noted herein.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant

---

[2]  A Court may disregard factual allegations that are contradicted by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the due process issue of his BMU placement.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-2193-GBC (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    May 6, 2011

UNITED STATES MAGISTRATE JUDGE