# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOAQUIN RAMON QUIROZ,

    Plaintiff,

    v.

J. REYNOSO, et al.,

    Defendants.

CASE NO. 1:09-cv-02193-GBC (PC)

ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Doc. 22

/

## I. Procedural History, Screening Requirement, and Standard

On December 17, 2009, Plaintiff Joaquin Ramon Quiroz ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On February 7, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 17. On March 21, 2011, Plaintiff filed his first amended complaint. Doc. 20. On May 6, 2011, the Court issued a screening order, dismissing Plaintiff's first amended complaint, with leave to amend. Doc. 21. On July 26, 2011, Plaintiff filed his second amended complaint. Doc. 26.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Allegations in Plaintiff's Second Amended Complaint**

In Plaintiff's second amended complaint, he names J. Reynoso, CDCR officer, who was employed at California Substance Abuse and Treatment Facility at Corcoran ("CSATF"). 2d Am. Compl. at 2, Doc. 26.

Plaintiff alleges that on September 10, 2007, Plaintiff was placed in administrative segregation following an assault on another inmate with a weapon. *Id.* at 3. On October 6, 2007, Plaintiff pled guilty to all rule violation report ("RVR") violations and was given a thirteen month mitigated Secured Housing Unit ("SHU") term. *Id.* Plaintiff pled guilty for the offense in Kings County Superior Court and was convicted and sentenced to seven years with a strike. *Id.* On November 17, 2008, Plaintiff arrived at CSATF general population. *Id.* at 5. On December 3, 2008, Defendant Reynoso found that because Plaintiff had been in the SHU for an assault on another inmate, Plaintiff would be placed in Behavioral Management Unit ("BMU"). *Id.* at 5-6. Plaintiff protested the findings, stating there was no evidence to support a BMU placement as outlined in Cal. Code Regs. tit. 15, § 3334(b)(2). *Id.* at 6. This placement deprived Plaintiff of his property, yard, contact visits, privilege group, visiting status, and custody level. *Id.*

Plaintiff attached a committee action summary dated February 4, 2009. *Id.* at 13. The summary states that Plaintiff was placed in BMU based upon being found guilty of "battery on inmate with a weapon," for which Plaintiff received a thirteen month SHU term. *Id.* Plaintiff met the criteria for BMU placement due to a Shuable offense. *Id.* Defendant Reynoso signed the summary as chairperson, Facility C Captain. *Id.*

For relief, Plaintiff seeks nominal and punitive damages. *Id.* at 3.

**III. Legal Standard and Analysis for Plaintiff's Claims**

**A. Violation of State Prison Rules and Regulations**

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison

1  officials violated state regulations regarding the inmate appeals process or prison disciplinary

2  proceedings, for example, will not support a claim for denial of due process under federal law.

3                              **B. Fourteenth Amendment Due Process**

4         Plaintiff alleges his placement in BMU violated his right to due process.

5         The Due Process Clause protects Plaintiff against the deprivation of liberty without the

6  procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221

7  (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221.

8  Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process

9  Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of

10 confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison

11 regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at

12 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison

13 regulations are generally limited to freedom from restraint which imposes atypical and significant

14 hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221

15 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

16        Based on Plaintiff's general allegations regarding harsh BMU conditions, the Court will

17 assume at the screening stage that Plaintiff has a liberty interest in being free from long-term

18 confinement in the BMU. *See Austin*, 545 U.S. at 223-24 (finding a liberty interest in avoiding

19 indefinite confinement in Ohio's "Supermax" facility). The inquiry then becomes what process is

20 due. *Id.* at 224.

21        Title 15 regulations do not define Plaintiff's federal due process rights. *Sandin*, 515 U.S. at

22 483-84. Rather, the assignment of inmates to the BMU is an administrative measure rather than a

23 disciplinary measure, and it is essentially a matter of administrative discretion. *Bruce*, 351 F.3d at

24 1287 (citing *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are

25 entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and

26 periodic review. *Bruce*, 351 F.3d at 1287 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01

27 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472). In addition to these

28 minimal protections, there must be "some evidence" supporting the decision. *Id.* (citing

1    *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). Although discussed in the context of a

2    disciplinary hearing, the Ninth Circuit has stated that under the *Hill* standard, the evidence should

3    have some indicia of reliability. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

4        Plaintiff's due process claim fails because Defendant Reynoso found that Plaintiff met the

5    criteria for BMU placement due to committing a SHU offense. 2d Am. Compl. at 13. Therefore,

6    Plaintiff was afforded "minimal protections" and there was "some evidence" to support Defendant's

7    decision. *Bruce*, 351 F.3d at 1287 (citing *Toussaint*, 801 F.2d at 1100-01) (citing *Superintendent v.*

8    *Hill*, 472 U.S. 445, 454 (1985)).

9        Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under

10   § 1983 based upon the violations of state rules and regulations and due process.

11                                **IV. Conclusion**

12       Plaintiff's second amended complaint fails to state any claims upon which relief may be

13   granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to

14   amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

15   2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the

16   Court finds that further leave to amend is not warranted.

17       Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS

18   that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon

19   which relief may be granted under § 1983.

20

21   IT IS SO ORDERED.

22

23   Dated:      March 26, 2012                    _____
                                                   UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28